Filed 9/26/23  S.B. v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| S.B.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT<br>OF SAN JOAQUIN COUNTY,<br><br>Respondent;<br><br>SAN JOAQUIN COUNTY<br>HUMAN SERVICES AGENCY et al.,<br><br>Real Parties in Interest. | C098343<br><br>(Super. Ct. No. STK-JD-DP-2021-0000121) |

Petitioner S.B., mother of dependent minor B.B., petitioned for an extraordinary writ seeking to vacate orders of the juvenile court that terminated her reunification

1

services and set a hearing under Welfare and Institutions Code section 366.26. (Cal. Rules of Court, rule 8.452.)[1] The minor's sibling and half-sibling are not involved in this proceeding. Mother contends (1) the evidence presented at the review hearing does not support the juvenile court's finding of substantial risk of detriment to the minor if returned to mother, (2) a last-minute change in recommendation by the San Joaquin County Human Services Agency (the Agency) violated due process, (3) the juvenile court should have considered whether mother is entitled to additional reunification services, and (4) the inquiry made into the minor's potential Indian heritage was insufficient and failed to comply with the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.)

This court issued a stay of the section 366.26 hearing pending resolution of mother's writ petition. Additional background is set forth in our discussion of mother's contentions.

We conclude that although mother's ICWA challenge is premature, her challenge to the juvenile court's findings and orders at the March 29, 2023 review hearing has merit. Those findings and orders were incomplete and/or inconsistent, and the juvenile court did not articulate a factual basis for a finding of detriment. Accordingly, we will issue a peremptory writ of mandate vacating the findings and orders entered at the March 29, 2023 review hearing and remanding with directions to the juvenile court to hold a new review hearing and enter new findings and orders. We will vacate the stay previously issued by this court. Given our disposition, we need not address mother's contentions concerning due process or consideration of additional reunification services.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code, and undesignated rule references are to the California Rules of Court.

2

## DISCUSSION

## I

Mother contends the evidence presented at the review hearing does not support the juvenile court's finding of substantial risk of detriment to the minor if returned to mother.

It appears the relevant review hearing was the 18-month review hearing held in March 2023. At the time of the hearing, the minor's sibling I.B. was 14 years old and the minor was 11. In its September 2022 18-month status review report, the Agency recommended terminating services as to the sibling but returning the minor to mother with family maintenance services. Mother submitted on the report; father requested a contested hearing.

The Agency's interim report, filed March 1, 2023, reflected that a new social worker was on the case but that the recommendation remained the same – to terminate services as to the sibling but return the minor to mother. The report stated that because mother had been consistent with visitation, made significant progress in resolving the problems that led to removal, and demonstrated the capacity and ability to complete the case plan objectives, the Agency recommended family maintenance services for mother regarding the minor, although the social worker noted the recommendation would separate the minor and the sibling, who were strongly bonded.

When the parties appeared at the March 29, 2023 hearing, the Agency reported it had changed its position and was requesting services be terminated as to both the minor and the sibling because counsel represented that the minor still did not want to participate in overnight visits and did not want to return to mother. Mother's counsel objected, stating that counsel had only been notified the day before the hearing about the change of recommendation, but the juvenile court proceeded with the hearing. Evidence presented consisted of the social workers' earlier reports (which had recommended the return of the minor to mother), mother's exhibits consisting of social worker logs, and a stipulation

regarding when individual counseling for the minor and the sibling had commenced and how many sessions had taken place.

At the conclusion of the hearing, the juvenile court found reasonable services had been provided, and it adopted for both the minor and the sibling the recommendations that had been made for the sibling. However, the written orders adopted and incorporated by the juvenile court directed the return of the minor to mother with family maintenance services. At least some of the recommended and adopted orders were applicable only to the sibling but not the minor, such as the finding that the minor was age 12 or older. Although the recommended findings adopted by the juvenile court included a finding that return of the minor would create a substantial risk of detriment, they did not include a factual basis for the finding of risk of detriment and none was made orally in court.

Section 366.22, subd. (a)(1) provides, in relevant part, that the court "shall order the return of the child to the physical custody of their parent or legal guardian unless the court finds, by a preponderance of the evidence, that the return of the child to their parent or legal guardian would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child. The social worker shall have the burden of establishing that detriment." Section 366.22, subd. (a)(2) further provides: "Whether or not the child is returned to their parent or legal guardian, the court shall specify the factual basis for its decision. If the child is not returned to a parent or legal guardian, the court shall specify the factual basis for its conclusion that return would be detrimental."

Here, the juvenile court's findings and orders are incomplete and/or inconsistent, and it did not articulate a factual basis for a finding of detriment. Under the circumstances, we will issue a peremptory writ of mandate vacating the findings and orders entered at the March 29, 2023 review hearing and remanding with directions to the juvenile court to hold a new review hearing and enter new findings and orders.

4

## II

Mother further contends that the inquiry made into the minor's potential Indian heritage was insufficient and failed to comply with ICWA.

The March 2021 detention report, filed with the section 300 petition, relayed that both parents had denied Indian ancestry. In April 2021, however, mother reported she had family members who were Chickasaw Nation members and that she was attempting to enroll herself with the tribe. Father never filled out his ICWA-020 form. The Agency sent an ICWA notice to the Chickasaw Nation, which included the maternal grandmother's membership number and information, but the notice did not include information about the deceased maternal grandfather. The notice was sent with respect to both the minor and her sibling. It appears the Agency also sent notice to the Cherokee and Blackfeet tribes with respect to minor's half-sibling who has a different father.

On November 12, 2021, the Chickasaw Nation responded that the maternal grandmother was an enrolled Chickasaw Nation member, and thus mother, the minor, the sibling, and the half-sibling were all eligible for membership based on the documented lineage (no specific blood quantum was required). The Chickasaw Nation asked the Agency to advise mother to complete the application it had enclosed for herself and the children. Until then, the children did not qualify as Indian children but the Chickasaw Nation asserted a vested interest in their welfare and asked to be immediately notified of any change in their Indian status. The Agency repeatedly summarized this information for the juvenile court but there is no record of any further Agency effort regarding ICWA or whether the Agency provided mother with the Chickasaw Nation application the tribe had enclosed.

Although the juvenile court found at the April 21, 2022 review hearing that the children were not Indian children, it did not make a finding that ICWA did not apply. Thereafter, in a September 22, 2022 report, the Agency recommended a finding that the children may be Indian children. In its March 2, 2023 report, the Agency said ICWA

does or may apply and recommended a finding that the children may be Indian children. The juvenile court adopted those findings and orders at the contested review hearing from which this writ was taken.

Mother argues the Agency failed to ask the maternal grandmother about the maternal grandfather's lineage and did not ask paternal extended-family members about possible Native American heritage. Mother's challenge is premature because the juvenile court has not yet made its final ICWA ruling.

"[ICWA] protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings." (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The juvenile court and the Agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Rule 5.481(a).)

As this court explained in *J.J. v. Superior Court* (2022) 81 Cal.App.5th 447, if the juvenile court did not yet make a final ICWA ruling at or before the challenged dispositional hearing as to whether ICWA applies to the proceeding, a parent's challenge is premature. (*Id.* at p. 461.) Here, the most recent findings and orders indicate that ICWA may apply. Because "any perceived deficiencies with ICWA inquiry and noticing may still be resolved during the normal course of the ongoing dependency proceedings," we decline mother's invitation to assess their current adequacy. (*Ibid.*; see also *In re M.R.* (2017) 7 Cal.App.5th 886, 904.)

The record indicates the Chickasaw Nation expressed interest in the welfare of the minor and encouraged submission of an application. The juvenile court and the Agency must continue efforts to ensure timely compliance with ICWA.

## DISPOSITION

The petition for extraordinary writ is granted as to mother's challenge to the juvenile court's findings and orders entered at the March 29, 2023 review hearing. The petition is denied as to the remaining contentions.

Let a peremptory writ of mandate issue, directing respondent court to (1) vacate the findings and orders entered at the March 29, 2023 review hearing, and (2) conduct a new review hearing.  Having served its purpose, the stay previously issued by this court is vacated.  This decision is final forthwith as to this court.  (Rule 8.490(b)(2).)

                                                /S/
                                       MAURO, Acting P. J.

We concur:

    /S/
DUARTE, J.

    /S/
BOULWARE EURIE, J.